UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BRIAN MALLGREN,

                Petitioner,

-against-

NEW YORK CITY, et al.,

                Respondents.

1:24-CV-10066 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      In an order dated May 4, 2016, the court barred Petitioner from filing any future civil action in this court *in forma pauperis* ("IFP") without first obtaining the court's leave to file. *Mallgren v. United States*, ECF 1:14-CV-1420, 6 (S.D.N.Y. May 4, 2016). The court issued that filing injunction because of Petitioner's history of frivolous, vexatious, or otherwise nonmertorious litigation in this court and in other federal courts. *Mallgren*, ECF 1:14-CV-1420, 5 (S.D.N.Y. Nov. 24, 2015) (order recounting Petitioner's litigation history and directing Petitioner to show cause why the court should not impose the abovementioned filing injunction).

      Petitioner, who appears *pro se* and is presently involuntarily hospitalized at Bellevue Hospital ("Bellevue"), has filed this action seeking, in his complaint, both leave of the court to file this action and to do so via a waiver of the applicable fees. (ECF 1, at 2.) Petitioner sues: (1) the City of New York; (2) the State of New York; (3) the American Psychiatric Association; and (4) Dr. Can Kilciksiz, who appears to be Petitioner's treating physician. Petitioner claims that he was admitted to Bellevue on or about November 25, 2024, and that he "has attempted to work with providers, unsuccessfully, to disprove that [they] have applied 'diagnoses' to create an effect through those under the same belief subscription." (*Id.* at 3.) He states that Dr. Kilciksiz "knowingly, willfully, and maliciously attempted to apply at least one 'diagnosis' rather than diagnosing to reach a proper diagnosis." (*Id.*) Petitioner seeks damages. (*Id.*)

The Court concludes that this action is not a departure from Petitioner's pattern of previous frivolous, vexatious, and/or nonmeritorious litigation because he fails to assert any facts suggesting that he has a plausible claim for relief. Because Petitioner has failed to show good cause why he should be permitted to file this action, the Court denies him leave to file this action as well as leave to proceed in this action IFP.

The Court warns Petitioner that continued submission of frivolous, vexatious, or otherwise nonmeritorious litigation in this court may result in the imposition of additional sanctions, including further restrictions on his filing any new civil action in this court, as well as monetary penalties.

## CONCLUSION

The Court denies Petitioner leave to file this action and to proceed in this action IFP. *See Mallgren v. United States*, ECF 1:14-CV-1420, 6 (S.D.N.Y. May 4, 2016) (Petitioner is barred from filing any civil action in this court IFP without the court's leave to file). The Court therefore dismisses this action without prejudice.

Petitioner remains subject to the abovementioned filing injunction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

3

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: January 10, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3